**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Martin Alvarez GAMEZ, also known as
Martin Alvarez, also known as Martin
Carlos–Gamez, also known as Martin
Alvarez–Gamez, also known as Juan
Garcia–Rivera, also known as Martin
Carlos Alvarez–Gamez, also known as
Carlos Alvarez, also known as Martin
Gamez Alvarez, also known as Eduar-
do Gamez Alvarez, Defendant–Appel-
lant.**

No. 12–20694
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 2013.

Renata Ann Gowie, Assistant U.S. At-
torney, U.S. Attorney's Office, Houston,
TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public De-
fender, H. Michael Sokolow, Assistant
Federal Public Defender, Federal Public
Defender's Office, Houston, TX, for Defen-
dant–Appellant.

Before HIGGINBOTHAM, DENNIS,
and GRAVES, Circuit Judges.

PER CURIAM: *

Martin Alvarez Gamez pleaded guilty to
illegal reentry of a deported alien after an
aggravated felony conviction. He was sen-
tenced to 78 months of imprisonment and
no term of supervised release. Gamez ar-
gues that his guilty plea was not knowing
and voluntary because trial counsel failed
to recognize, investigate, and advise him
about a potential defense to his offense of
conviction. Specifically, he contends that
although counsel did investigate and advise
him of a possible defense based on deriva-
tive citizenship, counsel did not recognize,
investigate, and advise him that he may
have had a possible defense to the illegal
reentry charge based on acquisition of citi-
zenship at birth.

Gamez did not raise this ineffective as-
sistance of counsel claim in the district
court. "[T]he general rule in this circuit is
that a claim for ineffective assistance of
counsel cannot be resolved on direct ap-
peal when the claim has not been raised
before the district court since no opportu-
nity existed to develop the record on the
merits of the allegations." *United States
v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir.
2006) (internal quotation marks and cita-
tion omitted). Because we conclude that
"we cannot fairly evaluate the claim from
the record," we decline to consider Ga-
mez's ineffective assistance of counsel
claim on appeal without prejudice to his
right to raise the claim in a timely 28
U.S.C. § 2255 proceeding. *See United
States v. Gulley,* 526 F.3d 809, 821–22 (5th
Cir.2008).

Accordingly, the judgment of the district
court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.